J-S12016-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY JOHN BREELAND | : | |
| | : | |
| Appellant | : | No. 2006 EDA 2025 |
| | : | |

Appeal from the Judgment of Sentence Entered June 10, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0004034-2023

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED JULY 31, 2026**

Anthony John Breeland ("Breeland") appeals from the judgment of sentence following his jury trial convictions for two counts each of possession with intent to deliver and possession of a controlled substance.[1]  Because Breeland's claim that the trial court erred in denying his motion for a trial continuance is meritless, we affirm.

A detailed recitation of the underlying facts is not necessary for this appeal.  The facts relevant to this appeal are that after Breeland's arrest, he was appointed counsel from the Public Defender's Office.  First counsel entered her appearance on January 10, 2024, represented Breeland at arraignment two days later, and continued to represent him until mid-2024, when another

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 35 P.S. §§ 780-113(a)(30), (a)(16).

attorney from the Public Defender's Office ("Counsel") was appointed to represent Breeland. Breeland argued to have Counsel removed prior to his suppression hearing in September 2024. Counsel was not permitted to withdraw. Suppression was not granted, and Breeland's trial was scheduled for January 2025.

In November 2024, Breeland filed a motion to withdraw Counsel and to proceed *pro se*. His motion stated that "the [p]ublic defender[']s office [was] not with [him] in this case and [were] ineffective[.]" Motion to Withdraw Counsel, 11/5/24. After a hearing, the court granted Breeland's motion and permitted the attorney to withdraw. That same day, Breeland requested a continuance. The trial court granted a ninety-day continuance for Breeland to retain private counsel. *See* Application for Continuance, 1/21/25. Trial was set for April 2025.

On the day of trial, Breeland appeared without counsel. The trial court granted Breeland one additional week to get counsel. One week later, Breeland again appeared for trial without counsel. Breeland indicated he could not afford private counsel and was unable to access the discovery sent to him in January 2025 by the District Attorney. *See* N.T., 4/22/25, at 7-11. Breeland again moved for a continuance, and the trial court denied his request to further delay the trial. The court held a jury trial that same day, as scheduled, and Breeland proceeded *pro se*. A jury convicted him of the above-

mentioned charges. Breeland timely appealed[2] and moved post-trial for the appointment of appellate counsel outside of the Public Defender's Office, which the court granted, and both Breeland, *via* appellate counsel, and the trial court complied with Pa.R.A.P. 1925.

Breeland raises the following issue for our review:

Did the lower court abuse its discretion in failing to grant [Breeland's] reasonable request for time to retain private counsel when it denied an oral motion for postponement made on April 22, 2025, forcing [Breeland] to proceed to trial *pro se*, in violation of his U.S. Const. Amend. VI and P.A. [sic] Const. Art. 1, § 9 rights?

Breeland's Brief at 4 (unnecessary capitalization omitted, italics added).

Breeland's issue concerns the denial of his request for continuance. Our standard of review for the denial of a continuance is as follows:

Appellate review of a trial court's continuance decision is deferential. The grant or denial of a motion for a continuance is within the sound discretion of the trial court and will be reversed only upon a showing of an abuse of discretion. As we have consistently stated, an abuse of discretion is not merely an error of judgment. Rather, discretion is abused when the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will, as shown by the evidence or the record.

---

[2] Breeland's judgment of sentence was imposed on June 10, 2025, and while Breeland's notice of appeal is facially untimely as it is docketed on July 25, 2025, the envelope in which the notice was mailed is postmarked July 10, 2025. Accordingly, we find Breeland timely appealed. **See**, **e.g.**, **Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (adopting the prisoner mailbox rule for all appeals by *pro se* prisoners).

*Commonwealth v. Brooks*, 104 A.3d 466, 469 (Pa. 2014) (internal quotations omitted). The refusal to grant a continuance "is reversible error only if prejudice or a palpable and manifest abuse of discretion is demonstrated." *Commonwealth v. Hansley*, 24 A.3d 410, 418 (Pa. Super. 2011). Further, a defendant's motion for continuance must be made at least 48 hours before the relevant proceeding. *See* Pa.R.Crim.P. 106(D). Exceptions will be made "only when the opportunity therefor[e] did not previously exist, or the defendant was not aware of the grounds for the motion, or the interests of justice require it." *Id*.

Regarding the right to counsel, the Supreme Court of Pennsylvania has stated:

> The right to counsel is guaranteed by both the Sixth Amendment to the United States Constitution and by Article I, Section 9 of the Pennsylvania Constitution. In addition to guaranteeing representation of the indigent, these constitutional rights entitle an accused "to choose at his own cost and expense any lawyer he may desire." *Commonwealth v. Novak*, [] 150 A.2d 102, 109, . . . [Pa. 1959)]. The right to "counsel of one's own choosing is particularly significant because an individual facing criminal sanctions should have great confidence in his attorney." *Moore v. Jamieson*, [] 306 A.2d 283, 288 ([Pa.] 1973).
>
> We have held, however, that the constitutional right to counsel of one's choice is not absolute. *Commonwealth v. Robinson*, . . . 364 A.2d 665, 674 [] n. 13 ([Pa.] 1976). Rather, "the right of the accused to choose his own counsel, as well as [a] lawyer's right to choose his clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice." *Id*. at [] 674 (internal quotations omitted). Thus, this Court has explained that while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably "clog the machinery of justice or hamper and delay the state[ in its] efforts to [effectively

administer] justice." ***Commonwealth v. Baines***, [] 389 A.2d 68, 70 ([Pa.] 1978). At the same time, however, we have explained that "a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality." ***Robinson***, [] 364 A.2d at 675 ([internal quotation marks omitted]).

***Commonwealth v. Prysock***, 972 A.2d 539, 541-42 (Pa. Super. 2009) (quoting ***Commonwealth v. McAleer***, 748 A.2d 670, 673-74 (Pa. 2000)).

The right to choose private counsel "must be exercised at a reasonable time and in a reasonable manner." ***Commonwealth v. Rucker***, 761 A.2d 541, 542-43 (Pa. 2000) (citation and emphasis omitted). In evaluating a trial court's ruling on a motion for continuance to obtain private representation, this Court must consider the following factors:

> (1) whether the court conducted an extensive inquiry into the underlying causes of defendant's dissatisfaction with current counsel; (2) whether the defendant's dissatisfaction with current counsel constituted irreconcilable differences; (3) the number of prior continuances; (4) the timing of the motion for continuance; (5) whether private counsel had actually been retained; and (6) the readiness of private counsel to proceed in a reasonable amount of time.

***Commonwealth v. Broitman***, 217 A.3d 297, 300 (Pa. Super. 2019).

Breeland argues the trial court erred when it denied his request for "additional time to obtain funds to secure counsel." ***Id***. at 8. Specifically, Breeland asserts his right to counsel of his own choosing was violated, in contravention of the Sixth Amendment of the U.S. Constitution, and the trial court did not inquire into his specific attempts at obtaining private counsel. ***See id***. at 8-9, 11.

- 5 -

The trial court considered Breeland's claim and concluded it merited no relief. The court weighed the requisite factors, explaining:

> "factors [three, four, and five] weighed heavily against the granting of the continuance request. [Breeland] was advised on January 21, 2025, that trial would be proceeding in April, which was the fourth scheduling of the trial ([third factor]). Despite being provided another three . . . months to hire an attorney and prepare for trial, on April 14, 2025, [Breeland] appeared without counsel. Nevertheless, [the c]ourt extended an additional courtesy to [Breeland], giving him one more week to find an attorney. Had he found an attorney, a continuance of the April 22 trial date would have been granted. On April 22, 2025, [Breeland] appeared without counsel yet again ([fifth factor]), alleging that he contacted various unnamed attorneys whose fees were too exorbitant for him to hire. [The c]ourt determined that [Breeland] had failed to take any meaningful steps to obtain counsel in the prior [ninety] days. Moreover, his request to continue [the] trial, made on the morning trial was scheduled to begin, was not made "within a reasonable time or reasonable manner" ([fourth factor]). **Broitman**, 217 A.3d at 300. The Commonwealth also had its witnesses in the building and ready to testify that day. Balancing the right of [Breeland] to be represented by counsel against the Commonwealth's interest in the swift and efficient administration of criminal justice, [the c]ourt denied the continuance request. **See Robinson**, 364 A.2d at 674.

Trial Court Opinion, 10/6/25, at 8-9.

We discern no abuse of discretion in the trial court's decision to deny Breeland's motion for continuance. Breeland's motion was made on the same day trial was scheduled, in contravention of Pa.R.Crim.P. 106(D). **See Broitman**, 217 A.3d at 300. Further, the trial court had already granted Breeland a ninety-day continuance, then gave him an additional week to find private counsel when he showed up to trial without an attorney. **See id**. The court inquired into what Breeland had done since the continuance was

granted, to which Breeland responded that every attorney he called—none of which he named—charged $15,000 for trial. **See** N.T., 4/22,25, at 9. While Breeland was entitled to choose his own counsel, a third continuance would simply have clogged the machinery of justice and delayed the Commonwealth's efforts to effectively administer justice. **See Baines**, 389 A.2d at 70.

Moreover, Breeland failed to demonstrate prejudice. He implies that he was not required to demonstrate prejudice because his claim fell within "choice of private counsel." Breeland's Brief at 10. He cites **United States v. Gonzalez-Lopez**, 548 U.S. 140, 148 (2006) which stated, in relevant part, "[w]here the right to be assisted by counsel of one's choice is wrongly denied . . . it is unnecessary to conduct an ineffectiveness or prejudice inquiry to establish a Sixth Amendment violation." However, Breeland has failed to establish that his choice of counsel was wrongly denied and that he would consequently fall under the category of claims that do not need to make an additional showing of prejudice. Breeland does not address prejudice, as required for this Court to reverse a trial court's refusal to grant a continuance, elsewhere in his brief and has thus failed to demonstrate it. **See Hansley**, 24 A.3d at 418. Therefore, we conclude the trial court did not abuse its discretion in denying Breeland's untimely serial motion for a continuance.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>7/31/2026</u>